United States District Court
Eastern District Of Michigan
Southern Division

Jumaane Jones #527282,
    Plaintiff,

No. 2:24-cv-10683

Hon. Laurie J. Michelson

Mag. Judge Pattricia T. Morris

Sherman Campbell, et al.,
    Defendants,



## Summary Judgment Response And Supporting Brief

On April 25, 2025 the defendants in this said case asked the court to enter an order to grant them Summary Judgment, dismiss the unexhausted claims against them, and dismiss Sua Sponte this lawsuit in its entirety.

Plaintiff ask that this Court respectfuly deny defendants request for Summary Judgment and dismissal. Plaintiff has not been given the chance to gather all evidence needed to show this court that defendants acted in a non-professional manner. And Summary Judgment and dismissal should be denied, for the reasons stated in this response below.

Cifile

Pursuant MCL § 19.142 (1)(e), an employee of the Michigan Deparment of Corrections may not conduct himself or herself in a disorderly manner upon the premises or annoy, harass, assault, or disturb an inmate or person cared for or under the control of the board or deparment having jurisdiction. Nor pursuant to MCL§ 19.142(1)(g), Create, cause, or attempt to create a disturbance or openly and willfully refuse to comform to a rule or regulation prescribed by a board or deparment.

Per PD 03.02.130 (R) A grievant shall not be penalized in any way for filing a grievance. Staff shall avoid any action that gives the appearance of reprisal for using the grievance process. Pursuant to the Standards For Inmate Grievance Procedures (28 CFR Part 40), that govern Michigan Department of Corrections Grievance Procedures under reprisals it clearly states, The grievance procedures shall prohibit reprisals. Reprisal means any action or threat of action against anyone for the good faith use of or good faith participation in the grievance procedure.

An inmate shall be entitled to ~~——~~ pursue through the grievance procedure a complaint that an reprisal occurred. It is well settled that a prison inmate may not be transferred or harassed in retaliation for engaging in protected conduct. Any such action taken against an grievant will be considered an admission of guilt, and Judicially construed as retaliation.

CC: file

4 of 5 page

Plaintiff was placed in segregation and staff officials refused to bring to plaintiff any grievance. Plaintiff was also placed on Modified Access status to shut plaintiff out for filing any grievance's. Therefore administrative remedies were unavailable to the plaintiff. And thereby should be excused from exhausting such remedies.

See: Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 195 L. Ed. 2d 117 (2016). First, as Booth made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates. (quoting) Booth's, In Booth's words: Some redress for wrong is presupposed by the statute's requirement of a available remedy; where the relevant administrative procedure lacks authority to provide any relief the inmate has nothing to exhaust.

PD 05.03.116 States: No retaliation may be taken against a prisoner who has filed a lawsuit or is pursuing litigation. PD 01.04.110 also states: That employees shall be advised of the necessity of complying with policy and laws pertaining to the Department because non-compliance may leave the Department liable and employees vulnerable to prosecution civil suit, as well as disciplinary action. Failure to follow policy may also result in an employee not being represented by the Department of Attorney General.

CC: file

3 of 5
page

An administrative remedy is not available under the Prison Litigation Reform Act if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy. A prison official's failure to respond to a grievance within prescribed time limit renders an administrative remedy unavailable. District Courts must ensure that any defects in exhaustion are not procured from the action or inaction of prison officials. Tuckel v Grover, 660 F.3d 1249 (2011). (quoting) Little v. Jones, 607 F.3d 1245, 1250 (10th Cir 2010), Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir 2002), and Aguilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir 2007).

Tuckel v. Grover, also states that a plaintiff with an objectively reasonable fear of retaliation from prison officials may show that administrative remedies were unavailable to him and thereby be excused from exhausting such remedies.

Plaintiff was put in Segregation and was told by prison officials that this was happening for all the grievance plaintiff was writing. Plaintiff food was taken and thrown away, He was harassed, called names, left in a cage hand cuffed, wrote class II misconducts for him ~~~~~ exercising his first amendment using the grievance procedure. Evidence will show that plaintiff only had 2 misconducts written on him at the prison. Until plaintiff would not sign off on a grievance. Threatened to place plaintiff in a level 4 setting in which the officials did just that.

The plaintiff have proved that he was engaged in protected conduct. Using the grievance process to redress an issue that he was having at the facility. And for that plaintiff was harassed, discriminated against, called names, placed in a cage, Religious meals taken and thrown away, placed in segregation, Threatened and more. If this is not a form of retaliation for using protected conduct then what is?

And evidence will show that these said defendants request for Summary Judgment and dismissal should be denied. And this said case should be set for trial and all discovery should be ordered.

Plaintiff ask that this Honorable Court deny defendents Motion for Summary Judgment and dismissal. On the grounds that defendant's prevented plaintiff from exhausting such remedies.

E/file Date: 5/14/2025     S/ Jamaane Jones
                              Jamaane Jones #527282

1 of 1 page

## Certificate of Service

I hereby certify, Pursuant to MCR 1.109 (D)(3)(b), that on May 16, 2025, I served the the following persons by regular mail, or by other means as noted, with a true copy of the foregoing document, Response to Summary Judgment at their addresses of record:

Patricia T. Morris
U.S. Magistrate Judge
231 W. Lafayette Blvd.
Detroit, MI 48226.

Joseph Y. Ho (P77390)
Assistant Attorney General
P.O. Box 30217
Lansing, MI 48909

Date: 5/16/2025      /s/ Jumaane Jones
                     Jumaane Jones #527282

X: file.

US POSTAGE
ZIP 49862
$ 000.97
0000386196 MAY 19 2025

U.S. MARSHALS

Patricia T. Morris
U.S. Magistrate Judge
231 W. Lafayette Blvd
Detroit, MI 48226

omaune Jones #527282
Alger Correctional Facility
16141 Industrial Park Drive
Munising, MI 49862