UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUMAANE JONES,

       *Plaintiff,*

v.

CAMPBELL, et al.,

       *Defendants.*
_____/

Case No. 2:24-cv-10683

Laurie J. Michelson
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 45)

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* and has now moved for appointment of counsel (ECF No. 45). For the reasons explained below, this motion will be **DENIED WITHOUT PREJUDICE**.

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's sound discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, a court must consider the "nature of the case," the complexity of the factual and legal issues involved, and a plaintiff's ability to represent himself. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of a case and a plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, a plaintiff's prior *pro se* experience is relevant to his ability to manage his current case(s). *Id.*

If the claims are frivolous or have "extremely slim" chances of success, a court should not appoint counsel. *Richmond*, 450 F. App'x at 452. Courts may also decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette*

2

*Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

This case is at an early stage, and Plaintiff's complaint demonstrates that he can clearly state his claims. Plaintiff's response (ECF No. 41) to a pending motion for summary judgment similarly demonstrates that he is able to adequately present his arguments to the Court. Further, the Court does not find the factual or legal issues complex, and Plaintiff has not articulated any exceptional circumstances that would justify the appointment counsel at this time.

For these reasons, Plaintiff's motion for the appointment of counsel (ECF No. 45) is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a new motion for the appointment of counsel if he can demonstrate a change in circumstances that would necessitate the assistance of counsel.

Date: September 11, 2025                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge