UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUMAANE JONES a/k/a JUMAANE
AMUNRA JONES,

      Plaintiff,

v.

SHERMAN CAMPBELL et al.,

      Defendants.

Case No. 24-10683
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

---

**OPINION AND ORDER OVERRULING OBJECTIONS [50], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [30], AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [25]**

---

Jumaane Jones alleges that while he was incarcerated at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan, 20 Michigan Department of Corrections employees retaliated against him for filing prison grievances and discriminated against him for being Buddhist and Black. (*See* ECF No. 8.) Jones says Defendants issued him false misconduct tickets, took away his religious meal accommodation, called him racial slurs, physically assaulted him, and threatened that "the harassment would continue and get wors[e]." (*Id.* at PageID.42.) So Jones filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act, and Michigan tort law.

After conducting an initial screening of Jones' complaint pursuant to U.S.C. § 1915(a)(1), the Court dismissed several of Jones' initial claims. (ECF No. 12.) Jones continues to seek (1) monetary damages against all Defendants in their individual

capacities pursuant to 42 U.S.C. § 1983 for violations of his First Amendment right to free exercise, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment right to equal protection; and (2) injunctive relief to expunge his prison record only against Defendant Campbell in his official or individual capacity under § 1983 or in his official capacity under RLUIPA. (*Id*; ECF No. 47, PageID.308.)

All pre-trial matters were referred to Magistrate Judge Patricia T. Morris. (ECF No. 26.) Defendants moved for summary judgment on the issue of exhaustion. (ECF No. 30.) Before the Court is Judge Morris' report and recommendation (ECF No. 47) to grant Defendants' motion for summary judgment (ECF No. 30) and to deny Plaintiff's motion for leave to file an amended complaint (ECF No. 25). Jones timely objected. (ECF No. 50.) For the reasons below, the Court overrules Jones' objections, adopts Judge Morris' report and recommendation in full, GRANTS Defendants' motion for summary judgment, and DENIES Plaintiff's motion for leave to amend.

## I.

Jones is Buddhist and his religious beliefs forbid him from eating meat and sitting at the same table as those eating meat. (ECF No. 8, PageID.38, 43, 45.) Since there was no suitable dining table for him, Jones was given permission to take his meals back to his cell, which he did from August to November 2023 without incident. (*Id.* at PageID.41.)

But that changed in November 2023 when Jones—for an unexplained reason— filed four grievances against the kitchen staff. (*Id.* at PageID.40.) In response to Jones

filing the grievances, Jones says the officers "made it their business to teach [him] a lesson" and, although he was previously allowed to eat in his cell, he soon received misconduct tickets for trying to do so. (*Id.* at PageID.38, 41.) Jones alleged that Defendant Baker, one of the "Food Service Servers," told him "this is for all them grievance[s] [you] keep writing" before issuing him another misconduct ticket. (*Id.* at PageID.41.) All the while, John Smith, a white Jewish inmate, was allegedly permitted to take his meals back to his cell. (*Id.*) So Jones felt the MDOC employees were retaliating against him for filing grievances and discriminating against him for being Black and Buddhist. (*Id.* at PageID.38–42.)

This mistreatment continued into December 2023, when, according to Jones, Defendants threw away his religious meals (*see id.* at PageID.42–44), impeded him from pursing legal services (*id.* at PageID.47), denied him medical attention (*id.* at PageID.44, 48), and physically and verbally threatened and assaulted him (*id.* at PageID.42–49). He also reports being put in segregation "for no reason at all." (*Id.* at PageID.46).

In addition to filing several grievances, Jones went on a hunger strike around December 11, 2023, to protest Defendants' actions. (*Id.* at PageID.44.) He was hospitalized from December 31, 2023, until January 5, 2024. (*Id.* at PageID.48.) In March 2024, Jones filed this lawsuit.

Jones was subsequently transferred to Alger Correctional Facility (ECF No. 11), Macomb Correctional Facility[1], and then Kinross Correctional Facility (ECF No. 38). On March 19, 2025, Jones asked the Court if he could add individuals from those facilities as defendants in this lawsuit, (ECF Nos. 25, 36), which the Court interprets as a motion for leave to file an amended complaint. (ECF No. 31.)

While that motion was still pending, Defendants filed a motion for summary. (ECF No. 30.) They argue that since Jones failed to exhaust his claims under MDOC's grievance process, all claims should be dismissed. (ECF No. 30, PageID.172–173 ("Under the Prison Litigation Reform Act 42 U.S.C. § 1997e(a), a prisoner cannot bring a civil rights action with respect to prison conditions under any federal law if he did not first exhaust all available administrative remedies.").) In support, they attached the MDOC grievance policy (ECF No. 30-2, PageID.185–192) and Jones' Step III grievance report (ECF No. 30-3 PageID.195), which shows that Jones filed two Step III grievances—one in May 2023, not concerning the allegations here, and one the following year, in April 2024, dealing with a different facility following Jones' transfer from ARF (*i.e.*, Gus Harrison). So Defendants say this shows that Jones never filed "Step III grievances arising out of [the November and December 2023 incidents at] ARF" and those claims remain unexhausted. (ECF No. 30, PageID.179.)

In response, Jones asserts that Defendants prevented him from completing the grievance process. (ECF No. 37, PageID.214 ("Plaintiff was placed in segregation and

---

[1] There is no notice of change of address indicating Jones moved to Macomb Correctional Facility. However, Jones, in his letters, says that he was moved there. (ECF Nos. 25, 36.)

staff officials refused to bring to Plaintiff any grievance. Plaintiff was also placed on modified access status to shut plaintiff out for filing any grievances.").) So he says administrative remedies were unavailable to him and he should thus be excused from exhausting his claims. (*Id.*)

## II.

Judge Morris entered a report and recommendation as to both pending motions, advising the Court to deny the motion to amend and grant the motion for summary judgment. (ECF No. 50.)

## A.

Start with Judge Morris' recommendation on the motion to amend. Jones seeks to add new claims that arose at the subsequent facilities he was transferred to. (ECF Nos. 25, 36; ECF No. 31 (construing his letters to add new defendants as a motion for leave to amend his complaint).) In *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017), the Court held "that the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim." As discussed below, since Judge Morris concluded that Jones' complaint did not contain a fully exhausted claim, she also found that he could not amend his complaint to add new claims. (*Id.* at PageID.318.)

More significant, Judge Morris correctly determined that Jones "alleges no facts showing a connection between ARF and the new facilities, or why the new defendants would continue an alleged campaign of retaliation for actions he took at

the prior facility." (*Id.* at PageID.319.) So while Jones may be able to bring a separate lawsuit for the things that took place at the facilities after he left ARF, they do not belong in a lawsuit about things that occurred at ARF.

Thus, Judge Morris did not err in denying leave to amend the complaint.

**B.**

Next, Judge Morris's recommendation on the motion for summary judgment.

The Prison Litigation Reform Act requires state prisoners to follow and exhaust all applicable state grievance procedures before filing suit in a federal court. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Although this exhaustion requirement is strictly construed, the statute "contains its own, textual exception to mandatory exhaustion" that applies when remedies are not "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). "That is, an inmate must only exhaust available remedies, not unavailable ones." *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (citation omitted).

Judge Morris began with the governing standard for when administrative procedures are unavailable—"when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." (ECF No. 47, PageID.314 (citing *Lamb v. Kendrick*, 52 F.4th 286, 292–93 (6th Cir. 2022) (internal citations omitted).) She further explained, however, that the prisoner must still "make affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered grievance remedies unavailable" and "those efforts are analyzed to determine whether they were

sufficient under the circumstances." (*Id.* (citing *Lamb*, 52 F.4th at 293).) And the burden is on Defendants to show Jones' ability to exhaust was not hindered. (*Id.* (citing *Lamb*, 52 F.4th at 295).)

Based on Jones' grievance report starting from November 2023, Judge Morris identified eleven Step I grievances and appeals to Step II in four cases. (*Id.* at PageID.315 ("The record thus shows that Jones repeatedly used the grievance system during the period he alleges Defendants thwarted his ability to appeal grievances through Step III.").) So Judge Morris found that "'[c]learly, the grievance system was available to [Jones] during the relevant period and he was willing to use it.'" (*Id.* (citing *Sango v. Fleury*, No. 20-00186, 2021 WL 2942556 (W.D. Mich. May 6, 2021), *report and recommendation adopted sub nom*, *Sango v. Eubanks*, 2021 WL 2217372, *aff'd*, 2022 WL 2163519).)

As such, Judge Morris found that Jones had no excuse for failing to fully exhaust his claims and recommended the Court grant Defendants' motion for summary judgment. Jones timely objected. (ECF No. 50.)

### III.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district

court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)).

To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). Nevertheless, the Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

The Court has carefully reviewed Jones' complaint (ECF No. 8), Defendants' motion for summary judgment (ECF No. 30), and the parties' briefing (ECF No. 37 (Jones' response); ECF No. 39 (Defendants' reply)), Judge Morris' report and recommendation to deny the motion to amend and grant the motion for summary judgment (ECF No. 47), the objection filed by Jones (ECF No. 50), and all other applicable filings and law. Having conducted this *de novo* review, the Court finds that Judge Morris' factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. There are no prejudicial clear errors in Judge Morris' findings or recommendations to grant Defendants' motion for summary judgment and deny Jones' motion to amend his complaint.

8

**A.**

Jones' objections fail to support a conclusion to the contrary.

As an initial matter, neither party objected to Judge Morris' recommendation to deny Jones' motion to amend. (*See* ECF No. 50.) The Court thus finds that the parties have waived this Court's review of the magistrate judge's findings on that claim. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive right to appeal."); *Thomas*, 474 U.S. at 155 (holding that the Sixth Circuit's rule of procedural default does not violate either the Federal Magistrates Act or the federal Constitution); *see also Garrison*, 2012 WL 1278044, at *8 ("The Court is not obligated to review the portions of the report to which no objection was made.").

**B.**

That leaves Jones' objection to Judge Morris' recommendation on summary judgment. (*Id.* at PageID.313.)

Jones' objections merely restate arguments that Judge Morris already considered and rejected. *See Caddell v. Campbell*, No. 19-91, 2021 WL 2176597, at *7 (S.D. Ohio May 28, 2021) ("Parties are expected to identify 'specific objections' to a magistrate judge's opinion, rather than simply rehash the same arguments that led to the magistrate judge's opinion in the first instance, without even referring to that opinion."); *Powers v. Durrani*, No. 18-788, 2020 WL 5526401, at *1 (S.D. Ohio Sept. 15, 2020) ("Objections to reports and recommendations are not meant to be vehicles for repeating arguments that the magistrate judge already considered.").

Jones restates his argument that prison officials impeded him from exhausting his grievances, asserting Defendants were "working together to silence [Jones] from filing his grievances or appealing them to the next step." (*Id.* at PageID.333.) He says he "would have filed his Step III grievances" but he was placed in segregation without access to his legal documents. (*Id.* at PageID.329–330, PageID.333–334.) And that the prison rejected some of his grievances improperly. (*Id.* at PageID.330 (arguing that one grievance was rejected for stating multiple issues when it "clearly stated one issue")); *id.* (asserting grievance improperly dismissed as untimely when it was not his fault that mail was passed out late).) He calls the grievance process "a simple dead end." (*Id.* at PageID.334.)

But Jones points to no error in Judge Morris' reasoning, nor to any evidence to the contrary. *See Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition [or] dispute the correctness of a report and recommendation without specifying the findings purportedly in error . . . .'" (citation modified)); *Cobb v. Keystone Memphis, LLC*, 526 F. App'x 623, 630 (6th Cir. 2013) (explaining that a party does not create a genuine issue of material fact with speculation or by simply "contest[ing] a fact in [his] brief"); *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009) ("The court's duty to view the facts in the light most favorable to the nonmovant does not require or permit the court to accept mere allegations that are not supported by factual evidence.").

Plus, Judge Morris addressed these arguments head on. (ECF No. 47, PageID.313–314). She concluded her report with this:

> It is undisputed Jones did not pursue any Step III grievances relevant to the claims raised in this lawsuit. But Jones continued to file Step I and Step II grievances while he was allegedly being thwarted and while on modified access. He does not explain why or how he was able to continue to file Step I and II grievances but was thwarted in his attempts to file Step III grievances. His conclusory allegations to the contrary do not give rise to a genuine issue of material fact. Therefore, Defendants' joint motion for summary judgment should be granted.

(*Id.* at PageID.317.)

Attached to his objection are records showing that Jones filed grievances on the following dates in 2023: November 1, 19, December 7, 8, 9, 10, 12, 19. (ECF No. 50, PageID.347, 358, 372, 377, 381, 387, 392, 395, 401.) So he does not answer "why or how he was able to continue to file Step I and II grievances but was thwarted in his attempts to file Step III grievances." (ECF No. 47, PageID.317.) If anything, it again shows that the grievance process was available to him throughout the relevant time period.

Overall, his objections do not "pinpoint" any error in Judge Morris' report and recommendation, *see Mira*, 806 F.2d at 637, or address Judge Morris' analysis at all, s*ee Aldrich*, 327 F. Supp. 2d at 747. The Court thus need not further consider Jones' "objections." *See Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Hawkins v. Detroit Pub. Sch.*, No. 16-10316, 2017 WL 2962876, at *1 (E.D. Mich. July 12, 2017) (concluding that party's objections to report

11

and recommendation were "ineffective and waived" where they simply repeated arguments from underlying briefing "[i]nstead of attempting to show how and where the Magistrate Judge erred"). "[O]bjections that recite arguments made to the magistrate judge effectively duplicate the functions of the district court 'as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.'" *Powers*, 2020 WL 5526401, at \*1 (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## C.

In sum, the Court finds that Judge Morris' factual conclusions are reasonable, that she appropriately applied the correct law, and that her reasoning is sound. And for the reasons Judge Morris explains, Jones' claims against the MDOC Defendants fail as a matter of law, and his objections fail to support a conclusion to the contrary.

## IV.

Accordingly, the Court OVERRULES Jones' objections to the report and recommendation (ECF No. 50), ADOPTS Judge Morris' report and recommendation in full (ECF No. 47), GRANTS Defendants' motion for summary judgment (ECF No. 30), and DENIES Jones' motion for leave to amend (ECF No. 25).

And per Jones' recent request (ECF No. 51, PageID.406), the Court DIRECTS Defendants to provide Jones with a copy of his grievances.

SO ORDERED.

Dated: March 30, 2026

12

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE